Marc J. Randazza (CA Bar No. 269535)
Alex J. Shepard (CA Bar No. 295058)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV  89117
Tel:   702-420-2001
ecf@randazza.com

Carrie Goldberg (*pro hac vice* Forthcoming)
C.A. GOLDBERG PLLC
16 Court Street, Suite 3300
Brooklyn, NY  11241
Tel:   (646) 666-8908
Fax:  (718) 514-7436
carrie@cagoldberglaw.com

Attorneys for Plaintiff
Jane Doe

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> DR. PHILLIP T. SOBASH, <br><br> Defendant. | Case No. 8:21-cv-965 <br><br> **COMPLAINT** <br><br> **[JURY TRIAL DEMANDED]** <br><br> **ACTION BASED ON CALIFORNIA CIVIL CODE SECTION 1708.85** |

Plaintiff Jane Doe ("Jane Doe" or "Plaintiff") brings this Complaint against Defendant Dr. Phillip T. Sobash ("Defendant") and alleges as follows:

## PRELIMINARY STATEMENT

1.      Defendant, a physician who practices internal medicine, is a serial sexual predator who convinces unwitting young women into sending nude images to him and

then posts the images with his victims' names and other personal identifying information onto notorious websites, inciting others to anonymously harass and attack his victims.  He sells the images for personal gain.  But, more than that, he enjoys harming his victims.

2.    In 2018, Jane Doe, then age 21, began a relationship with Defendant, who she met through an online dating site.  As the relationship developed, Dr. Sobash asked Jane Doe for sexually explicit photographs of herself.

3.    Jane Doe sent these photographs to him for his own use, and with the assurance that they would be kept private.  She reminded Defendant of that term of her consent frequently.

4.    Doe has discovered that from the very inception of their relationship, Defendant violated that consent by publishing the private photographs both to embarrass Jane Doe and for pecuniary gain, including selling the images commercially on a variety of websites without Jane Doe's knowledge or consent.

5.    While Jane Doe consented to Dr. Sobash *possessing* the photographs, she never consented to their further distribution, and she most certainly never consented to their commercial distribution.

6.    As a result of the privacy invasions, humiliation, and harassment which has haunted her for almost three years, Jane Doe has suffered extreme emotional distress.

7.    Jane Doe is not Dr. Sobash's only victim.  On actual knowledge, Dr. Sobash has at least one other victim who has filed suit against him for the same offenses.

1  On information and belief, Dr. Sobash has multiple other victims, some of whom are

2  underage.

3      8.    The serial nature of Dr. Sobash's offenses compound the wrongful acts

4  complained of and justify enhanced punitive damages, as Dr. Sobash will not be

5  deterred from continuing his conduct otherwise.

6                              **THE PARTIES**

7      9.    Plaintiff "Jane Doe" proceeds anonymously pursuant to the "sensitive and

8  highly personal nature" exception to the general party-publicity rule.[1]  Plaintiff resides

9  in Orange County, California.

10     10.   Defendant Phillip T. Sobash, MD resides in Batesville, Arkansas where he

11 practices internal medicine at White River Health System, and on information and

12 belief, also a maintains a residence in Charleston, South Carolina.

13                      **JURISDICTION AND VENUE**

14     11.   This Court has subject matter jurisdiction over this case pursuant to 28

15 U.S.C. §§ 1331 (federal question), 1332 (diversity jurisdiction), and 1367 (supplemental

16 jurisdiction).

17     12.   Federal question jurisdiction is proper because this case involves

18 application of 18 U.S.C. § 2257 to Dr. Sobash's conduct.

19     13.   Diversity jurisdiction is proper because the parties are residents of two

20 different states, and the amount in controversy exceeds $75,000.

---

21  [1]   Cal. Civ. Code § 1708.85(f)(1) permits a plaintiff to file this action under a

22 pseudonym.  A motion to proceed thusly will be filed in short order.  *Doe v. Steele*, 2020
   U.S. Dist. LEXIS 213854, *4-9 (S.D. Cal. Nov. 16, 2020) lays out the standards for

23 doing so and those standards will be followed in the forthcoming motion.

RANDAZZA | LEGAL GROUP

14.     This Court has personal jurisdiction over Defendant because he frequently and repeatedly directed conduct specifically at a resident of this state and Plaintiff's claims arise directly from these contacts, and the harm Plaintiff suffered from this conduct was felt in this state.  Dr. Sobash expressly aimed his conduct at a known resident of this state and judicial district, caused harm in this judicial district, and did so knowingly and not merely fortuitously.

15.     Venue properly lies in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL BACKGROUND

16.     In 2018, Jane Doe was 21 years old and enrolled in school at California State University.

17.     In August 2018, Jane Doe was contacted on an online dating site by Defendant, who was using the alias "George Wallthall" or "George Warthall."  The two took the relationship off the website and began to text each other.

18.     Over the course of their text conversations, Defendant requested that Jane Doe provide him with sexually explicit images.

19.     Dr. Sobash proposed giving Jane Doe small amounts of money for these photographs.

20.     Dr. Sobash agreed that the photos would be for his use only and that they would not be redistributed.

21.     Defendant sent payment to Jane Doe through PayPal under his alias "George Wallthall" for the first few months, but then switched to his Venmo account under the name Phillip Sobash.

22.     Over the course of their relationship, approximately once a week Jane Doe reminded Defendant to keep the photographs private.  Defendant always responded with comforting statements of assurance that he would never share the photographs with anyone.

23.     This created a "consent boundary" that Doe would send him intimate photographs, but they were to be kept confidential.

24.     But for this consent boundary, Jane Doe would not have remained in the relationship with Dr. Sobash and would not have sent him her photographs.

25.     Starting on or about August 2018 through on or about February 2019, Jane Doe sent Dr. Sobash approximately 10 photographs and videos per week.  During this same period of time, Dr. Sobash sent her gifts of approximately $2,000.

26.     Often, Dr. Sobash would make very unusual requests and would send her props like sex toys and nursing machines to photograph herself with and then he would direct her.  Jane Doe had developed trust with Dr. Sobash and would usually indulge his fetishes.

27.     On or about February 2019, Jane Doe received a direct message on Instagram from an unknown person who sent her a link to a Reddit forum where Defendant had published and commercially sold sexually explicit photographs of Jane Doe under the username "innocent tits."

28.     Upon a review of the Reddit thread, Jane Doe learned that Defendant had been responding to the requests of Reddit users for additional sexually explicit photos of Jane Doe, all during his communications with her.  Her poses were actually made-to-order requests that Sobash was getting from anonymous men online and then Dr.

Sobash would pretend that they were his personal requests, and he manipulated the relationship he had with Jane Doe by making these specific requests as if they were merely his own personal fetishes.

29.     One user requested in the thread that they wanted to see Jane Doe "fucking a dildo." Defendant would then send Jane Doe a text message that he wanted to see her on her bed "fucking a dildo." Defendant would provide the dildo, along with explicit instructions. Again, under the ruse that this was his own personal desire – but in reality, he was fulfilling a commercial pornography request for one of his customers.

30.     Defendant sent whips, dildos, and nipple clamps. He gave her detailed directions on how to pose and how to stage the scene so he could sell the photographs without Jane Doe's consent.

31.     Believing that the consent boundaries set in the relationship were being honored, Jane Doe would comply with Dr. Sobash's requests. She was unaware that she was being used as an unknowing commercial pornographic actress. Dr. Sobash was receiving requests for particular scenarios from his "customers," and he would then act as the producer of these pornographic images, made for commercial gain, and then he would distribute them to his customers.

32.     Defendant has not followed record keeping provisions outlined for visual depictions of actual and simulated sexually explicit conduct outlined in 18 U.S.C. §§ 2257, despite the fact that he was acting as a commercial producer of pornography.

33.     Jane Doe was not interested in being a commercial porn actress and was instead pursuing a career in nursing. Had Dr. Sobash properly requested the records,

1  as required under federal law, Jane Doe would have been made aware of the fact that

2  she was an unwitting commercial porn subject.

3      34.    Jane Doe confronted Defendant because he was the only person to whom

4  she had sent any of the photographs.  Defendant lied and claimed he had been hacked.

5      35.    As a result of the photographs becoming public with her contact

6  information, Jane Doe received harassing messages on Instagram and Facebook.  The

7  messages included threats to expose her, to tell her family and her school, unsolicited

8  sexually explicit photographs, and even threats of harm from some of Dr. Sobash's

9  customers.

10     36.    The harassment became so unbearable that Jane Doe deleted her

11 Instagram account, which she used as a source of income.  She had amassed over 15,000

12 followers.  As a result of her need to become anonymous, she lost the income that she

13 enjoyed from her Instagram account.

14     37.    Eight months after Jane Doe ceased communication with Defendant, he

15 reached out to her again and offered approximately $300-$400 for a few more

16 photographs, and reassured her he'd previously been hacked.  Jane Doe regrets agreeing

17 to this request because within a day, the photographs were commercially available

18 online.

19     38.    Upon information and belief, there are approximately 300 photos and

20 videos of Jane Doe still available for purchase on multiple websites.  Upon information

21 and belief, Dr. Sobash continues to date to exploit other women using this same ruse.

22     39.    Jane Doe suffered extreme emotional distress as a result of Defendant's

23 deliberate actions.  She receives professional help and suffers from severe anxiety and

1  depression.  She suffers intrusive thoughts that the strangers on the internet who have

2  consumed her nude pictures and harass her and will harm her family.  She feels hopeless

3  about her career prospects because of the stalking by the online harassers and the

4  threats of sending the images to her employers for the rest of her life.  Jane Doe is

5  forced to spend hours a week scrolling for the images of herself and submitting requests

6  for copyright infringement under the Digital Millennium Copyright Act (the "DMCA").

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Negligence Per Se (Violation of 18 U.S.C. § 2257)

10  40.    Plaintiff re-alleges and herein incorporates by reference the allegations set

11  forth in the preceding paragraphs.

12  41.     In order to combat child pornography and nonconsensual pornography,

13  Congress passed 18 U.S.C. § 2257.

14  42.    Dr. Sobash violated 18 U.S.C. § 2257 by commercially distributing

15  pornography without the proper verification records, which could only have been

16  obtained from Jane Doe.

17  43.    Dr. Sobash did not even seek, much less maintain, the records required

18  under 18 U.S.C. § 2257.

19  44.    Had he done so, it would have alerted Jane Doe to the fact that Dr. Sobash

20  had chosen to violate the consent boundary established between the parties.

21  45.    Dr. Sobash also did not provide any notice or statement on any copies of

22  the photos or videos he commercially distributed required under 18 U.S.C. § 2257(e).

23  46.    Dr. Sobash's violation of 18 U.S.C. § 2257 was knowing and deliberate.

47.     Dr. Sobash's violation of 18 U.S.C. § 2257 was the actual and proximate cause of Plaintiff's injuries.

48.     Plaintiff's injuries resulted from Dr. Sobash's nonconsensual pornography, which is an occurrence of the nature which 18 U.S.C. § 2257 was designed to prevent.

49.     As a victim of nonconsensual pornography, Plaintiff is one of the class of persons for whose protection 18 U.S.C. § 2257 was adopted.

50.     As a direct and proximate result of Dr. Sobash's violation of 18 U.S.C. § 2257, Jane Doe has suffered substantial injuries, including harm to her reputation, emotional pain and suffering, and a loss in the quantity and quality of time spent with her friends and family.

## SECOND CLAIM FOR RELIEF

### Distribution of Private Sexually Explicit Materials (Cal. Civ. Code § 1708.85)

51.     Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the preceding paragraphs.

52.     Under California law, Jane Doe has a statutory right not to have her sexually explicit images and videos publicly distributed without her consent.

53.     Jane Doe had a reasonable expectation that the nude images and videos would remain private because Defendant explicitly assured her that the images were for his exclusive private use.

54.     Defendant then posted and commercially sold the images and videos on the popular website, Reddit, under the username "innocent tits" without obtaining Jane Doe's consent.

55.    The distributed images and videos exposed the intimate body parts of Jane Doe.

56.    By posting the images on the public internet, Defendant willfully coordinated the harassment of Jane Doe.

57.    As a direct and proximate result of Defendant's conduct, Jane Doe suffered extreme loss of reputation, emotional distress, shame, mortification, and hurt feelings.

### THIRD CLAIM FOR RELIEF

### Invasion of Privacy – Public Disclosure of Private Facts

58.    Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the preceding paragraphs.

59.    Through the internet, with a reckless disregard to any consequences or for the fact that reasonable persons would find his actions highly offensive, Defendant publicly distributed and disclosed sexually explicit images and videos of Jane Doe without her consent and for commercial gain.

60.    These images and videos were of a highly private and personal nature, and their contents had not been known to the public prior to Defendant's actions.

61.    Jane Doe only provided sexually explicit images and videos to Defendant on the express understanding he would not distribute them to anyone else.

62.    Defendant knew that these images and videos were private.

63.    Given the facts at hand, unconsented disclosure of nude images would be highly offensive to the average person.

64.    Jane Doe's nude images were not of any reasonably legitimate concern to the public.

65.    As a direct and proximate result on Defendant's blatant actions, Jane Doe has suffered substantial injuries, including harm to her reputation, emotional pain and suffering, and a loss in the quantity and quality of time spent with her friends and family.

### FOURTH CLAIM FOR RELIEF

### Invasion of Privacy – Intrusion into Private Affairs

66.    Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the preceding paragraphs.

67.    Jane Doe has the right to be secure from unreasonable intrusion upon her solitude, seclusion, and private affairs.

68.    The nonconsensual publication of Jane Doe's nude images alongside her personal identifying information is an invasion of something that is entitled to be private or would be expected to be private.

69.    Jane Doe actually expected the nude images and her personal identifying information to remain private because Defendant explicitly told Jane Doe the images were for his exclusive private use.

70.    Instead, Defendant posted the images and Jane Doe's contact information onto the public internet.

71.    By posting the images with Jane Doe's contact information, Defendant willfully orchestrated the harassment of Jane Doe.

72.    As a result of the invasion, Jane Doe was harassed, stalked, and received unwelcome images of men masturbating to her photos.

73.     The intrusion was physical in that the incoming messages on social media and her phone were inescapable, intruding upon her life, no matter where she went.

74.     The circulation of the images with her personal identifying information and the harassment of Jane Doe caused by Defendant's actions continues to date.

75.     The invasion Jane Doe experienced was substantial and highly offensive or objectionable to a reasonable person.

76.     As a direct and proximate result of Defendant's conduct, Jane Doe suffered extreme emotional distress and financial cost.

### FIFTH CLAIM FOR RELIEF

### Appropriation of Likeness (Cal. Civ. Code § 3344)

77.     Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the preceding paragraphs.

78.     Under California law, Jane Doe has the right to be secure from an appropriation of her name or likeness.

79.     Defendant published images and videos containing Jane Doe's name and likeness.

80.     The publication of Jane Doe's nude images and incitement of harassment were acts done by Defendant without Jane Doe's permission.

81.     Jane Doe actually expected her nude images and personal information to remain private because Defendant promised Jane Doe he would not share this information (i.e. the images and personally identifying information).

82.     Jane Doe was readily identifiable in the explicit images and information Defendant commercially sold and distributed.

83.    Defendant knowingly published Jane Doe's images and videos with actual knowledge that Jane Doe did not consent to this publication.

84.    Defendant's acts were done for the commercial benefit of somebody other than Jane Doe.

85.    Defendant benefitted from the acts by scoring "wins" within the misogynist incel[2] community where he published the images and earning clout for his alter ego "innocent tits."

86.    Defendant further benefitted – and continues to benefit – from whatever fetish his cruel and sadistic conduct may have satisfied.

87.    There is a direct connection between Defendant's use of Jane Doe's images and videos and his commercial purpose, as Defendant benefitted financially by selling the images as commercial pornography.

88.    The circulation of the images with Jane Doe's personal identifying information and the harassment of Jane Doe caused by Defendant continues to date.

89.    As a direct and proximate result of Defendant's conduct, Jane Doe suffered extreme emotional distress and financial cost.

90.    Due to Defendant's willful and egregious conduct, Plaintiff is entitled to punitive damages under Cal. Civ. Code § 3344(a).

91.    Plaintiff is entitled to an award of attorneys' fees and costs under Cal. Civ. Code § 3344.

---

[2]    "Incel" is a portmeanteau for involuntary celibate and constitutes an online subculture of men who are generally hostile toward women and blame women for not finding them sexually attractive.

92.     Pleading in the alternative, assuming Arkansas law applies, Arkansas also recognizes appropriation as a common law claim for relief.  *See Olan Mills, Inc. of Tex. v. Dodd*, 234 Ark. 495, 353 S.W.2d 22 (1962) (adopting the claim); *see also* Restatement (Second) of Torts § 652C (1977).

## SIXTH CLAIM FOR RELIEF

### Appropriation of Name, Photograph, and Likeness (AR Code § 4-75-1109)

93.     Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the preceding paragraphs.

94.     Under ACA § 4-75-1104(a), Jane Doe has an individual property right in her name, photograph, or likeness.

95.     ACA § 4-75-1108(a) provides that "a person who commercially uses the name, … photograph, or likeness of an individual is liable … for damages and disgorgement of profits, funds, goods, or services …."

96.     Defendant published images and videos containing Jane Doe's name, photograph, and likeness.

97.     The publication of Jane Doe's nude images and incitement of harassment were acts done by Defendant without Jane Doe's permission.

98.     Jane Doe actually expected her nude images and personal information to remain private because Defendant promised Jane Doe he would not share this information (*i.e.* the images and personally identifying information).

99.     Jane Doe was readily identifiable in the explicit images and information Defendant commercially sold and distributed.

100.   Defendant knowingly published Jane Doe's images and videos with actual knowledge that Jane Doe did not consent to this publication.

101.   Defendant's acts were done for the commercial benefit of somebody other than Jane Doe.

102.   Defendant benefitted from the acts by scoring "wins" within the misogynist incel community where he published the images and earning clout for his alter ego "innocent tits."

103.   Defendant further benefitted – and continues to benefit – from whatever fetish his cruel and sadistic conduct may have satisfied.

104.   There is a direct connection between Defendant's use of Jane Doe's images and videos and his commercial purpose, as Defendant benefitted financially by selling the images as commercial pornography.

105.   The circulation of the images with Jane Doe's personal identifying information and the harassment of Jane Doe caused by Defendant continues to date.

106.   As a direct and proximate result of Defendant's conduct, Jane Doe suffered extreme emotional distress and financial cost.

107.   Defendant, by his actions, has violated ACA § 4-75-1108.

108.   Under ACA § 4-75-1109, Jane Doe is entitled to an award of all damages suffered as a result of Defendant's commercial use of her name, photograph, and likeness, as well as disgorgement of all profits attributable to his commercial use of her name, photograph, and likeness.

109.   Under ACA § 4-75-1109, Jane Doe is entitled to an injunction restraining Defendant's unauthorized commercial use of her name, photograph, and likeness.

## SEVENTH CLAIM FOR RELIEF

### False Light

110.    Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the preceding paragraphs.

111.    Under California law, Jane Doe has the right to be secure from publicity that reasonably places Jane Doe in a false light before the public.

112.    Defendant sold Doe's sexually explicit photographs to websites with the understanding that Doe's photographs would present Doe as a sexually promiscuous woman, commercial pornography model/actress, or an escort.

113.    Defendant also presented Doe's sexually explicit photographs on Reddit, a popular and publicly viewable website, with the intention of presenting Doe as a sexually promiscuous woman, commercial pornography model/actress, or an escort.

114.    Jane Doe is not a sexually promiscuous woman, commercial pornography model/actress, or an escort.

115.    Defendant, at all times when disclosing or implying these false or fictitious facts, had actual knowledge they were false and would place Jane Doe in a false light, or acted with reckless disregard as to their truth or falsity or the false light in which they would cast Jane Doe.

116.    Such an association is highly offensive to the ordinary reasonable person under the circumstances.

117.    The publication or implication of these false or fictitious facts continues to date.

118. As a direct and proximate result of Defendant's actions, Jane Doe has suffered extreme emotional suffering, injury to her reputation, and economic loss.

### EIGHTH CLAIM FOR RELIEF

#### Breach of Contract

119. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the preceding paragraphs.

120. In or around August 2018, Defendant and Jane Doe contractually agreed that she would take nude pictures and license them to Defendant for his exclusive and personal use in exchange for approximately $75 per week.

121. This agreement is valid and enforceable.

122. Jane Doe negotiated the price based on her reliance that the images were being created and provided solely for Defendant's personal use.

123. Defendant breached the contract by publishing the images onto the internet, especially onto an extremely popular website.

124. Defendant profited directly from his breach of this agreement by selling Jane Doe's images and videos to third parties.

125. As a direct and proximate result of Defendant's breach, Jane Doe suffered immeasurable damages.

### NINTH CLAIM FOR RELIEF

#### Fraud

126. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the preceding paragraphs.

127.   Defendant intentionally misrepresented a material fact to Jane Doe by telling her the images would stay private.

128.   At the time of contracting for taking and licensing the images, Defendant knew he had no intention of following through on the promise of keeping the images private.

129.   Defendant intended that Jane Doe would rely upon the false statement that the images would stay private.

130.   Jane Doe's reliance on Defendant's promise to keep the images private was reasonable.

131.   Defendant had represented himself as an upstanding citizen and had gained Jane Doe's trust over a period of time by being a consistent and interested suitor and sharing what appeared to be personal information about his own life, including his name, which too was false.  Jane Doe's reliance on Defendant not sharing the images was even more reasonable because at the time she shared her images, the nonconsensual sharing of nude images was criminally unlawful in at least 38 of the 50 United States.

132.   As a direct and proximate result of Defendant's misrepresentation, Jane Doe suffered actual damages and harm in the form of harassment, emotional distress, damage to her online and offline reputation, and the violation of her most intimate privacy.

### TENTH CLAIM FOR RELIEF

### Fraud in the Inducement / Fraudulent Inducement

133.   Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the preceding paragraphs.

134.   Defendant misrepresented the terms, quality or other aspects of a contractual relation, venture, or other transaction.

135.   Defendant's misrepresentation, that he would keep Jane Doe's images and personal identifying information private, led Jane Doe to enter into the agreement with Defendant of taking the images and sending them to Defendant.   Jane Doe sent Defendant her images with a false impression or understanding of the risks, duties, or obligations she had undertaken.

136.   Defendant told Jane Doe the nude images were for his consumption only.

137.   Jane Doe only agreed to send the images to Defendant based on the representation he would indeed keep the images private.

138.   Had Jane Doe known Defendant would publish the images and with her personal identifying information, she never would have agreed to send him her pictures, and certainly not for that price.

139.   As a direct and proximate result of Defendant's misrepresentation, Jane Doe suffered actual damages and harm in the form of harassment, emotional distress, damage to her online and offline reputation, and the violation of her most intimate privacy.

140.   Pleading in the alternative, if Arkansas law applies, California's "fraud in the inducement" is simply an Arkansas fraud claim.   *See Hobson v. Entergy Arkansas, Inc.*, 2014 Ark. App. 101, 432 S.W.3d 117 (Ark. Ct. App. 2014).

## ELEVENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress / Outrage

141.   Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the preceding paragraphs.

142.   Defendant's solicitation of Plaintiff's images and then publication of them alongside her personal identifying information onto a forum dedicated to inciting harassment and abuse was done with the specific intent of causing extreme emotional distress to Jane Doe, or with reckless disregard for the probability of causing extreme emotional distress.

143.   Defendant's conduct was extreme and outrageous.

144.   Defendant's solicitation and publication of the images onto the internet, including a popular and highly trafficked website, Reddit, directly caused Jane Doe's privacy violation and the harassment and torment from third parties publishing and sharing her images online.

145.   Jane Doe experienced severe emotional distress as a direct and proximate result of Defendant's actions.

146.   Pleading in the alternative, if Arkansas law applies, Arkansas recognizes intentional infliction of emotional distress as an outrage claim.

## TWELFTH CLAIM FOR RELIEF

### Constructive Trust Pursuant to Cal. Civ. Code § 2224

147.   Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the preceding paragraphs.

148.   Cal. Civ. Code § 2224 provides that "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is … an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."

149.   Plaintiff gained a monetary benefit from his commercial distribution of Jane Doe's images.

150.   Defendant perpetrated a fraud on Plaintiff and violated her trust by lying to her regarding his intent to keep her images private.

151.   Defendant is thus an involuntary trustee of all funds he has received for his commercial distribution of Jane Doe's images.

152.   Jane Doe is entitled to recover all funds comprising this equitable trust.

153.   Pleading in the alternative, if Arkansas law applies, Arkansas also recognizes a constructive trust claim.

### THIRTEENTH CLAIM FOR RELIEF

### Civil Action by Crime Victim – ACA § 16-118-107

154.   Plaintiff is a person injured by reason of conduct of another person that would constitute a felony under Arkansas law.  ACA § 16-118-107(a).

155.   The predicate felonies are "unlawful acts regarding computers," prohibited by ACA § 5-41-202.  Specifically, Defendant knowingly and without authorization obtained data – Plaintiff's photographs – and transferred the same to sexually explicit websites.  ACA § 5-41-202(a)(4).

156.   These actions were felonious because Defendant obtained and transferred these photographs through a scheme to defraud Plaintiff into creating and providing the photographs.  ACA § 5-41-202(b)(2)(A).

157.   Alternatively, these actions were felonious because Defendant received in excess of $500 in return for transferring Plaintiff's photographs to the websites, which money is rightfully the property of Plaintiff.  ACA §§ 5-41-202(b)(2)(C); 4-75-1109.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

A.     General, special, and economic damages resulting from Defendant's wrongful acts;

B.     Punitive damages;

C.     An award of attorneys' fees and costs;

D.     The creation of a constructive trust consisting of all funds Defendant has obtained due to his commercial distribution of Jane Doe's images;

E.     An injunction restraining Defendant from any further unauthorized use of Plaintiff's name, photograph, or private likeness;

F.     An order requiring Defendant to remove all public internet postings of Plaintiff's name, photograph, or private likeness; and

G.     Such other relief as this Court deems proper.

/ /

/ /

/ /

/ /

RANDAZZA | LEGAL GROUP

## **JURY DEMAND**

Plaintiff demands a trial by jury on all so triable.

Dated: May 28, 2021.                    Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (CA Bar No. 269535)
Alex J. Shepard (CA Bar No. 295058)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Carrie Goldberg (*pro hac vice* Forthcoming)
C.A. GOLDBERG PLLC
16 Court Street, Suite 3300
Brooklyn, NY 11241

Attorneys for Plaintiff
Jane Doe